UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DIRECTV, INC.,

        Plaintiff,

v.                                        Case No. 04-C-1104

TODD BAYE,

        Defendant.

## DECISION AND ORDER

Plaintiff DIRECTV, Inc., alleges that Defendant Todd Baye pirated its satellite broadcasts. Plaintiff sued Baye, alleging three claims–one for unauthorized reception of satellite signals in violation of 47 U.S.C. § 605(A), a second for importation of signal theft devices in violation of 47 U.S.C. § 605(e)(4), and a third for unauthorized interception of electronic communications in violation of 18 U.S.C. § 2511(1)(a). Plaintiff has moved for summary judgment on its third claim only. For the following reasons, plaintiff's motion will be granted.

The court takes the facts of the case from plaintiff's proposed findings of fact, which defendant has conceded to be true by virtue of his failure to respond to them. Civil L.R. 56.2(e). Plaintiff is the nation's leading direct satellite broadcast provider. (PPFOF ¶¶ 1-3.) It offers its broadcasts to customers on a subscription and pay-per-view basis only. (PPFOF ¶ 4.) Plaintiff encrypts its broadcasts to prevent unauthorized viewing. (*Id.*) In order to view the broadcasts, each customer must use a receiver/descrambler and an access card. (PPFOF ¶ 5.) Upon activation of the access card by plaintiff, the customer can view those channels for which he or she has paid. (*Id.*)

On or about December 6, 2002, defendant purchased an SAT-HU Sureshot device from Easybuy2000.com. (PPFOF ¶¶ 9-10.) The SAT-HU Sureshot is an unlooper device–that is, a device that restores functionality to illegally modified access cards that were disabled by misuse or by plaintiff's electronic countermeasures. (PPFOF ¶¶ 14-15.) This enables the user of the unlooper to receive plaintiff's broadcasts without paying for them. (PPFOF ¶¶ 15-17.) This is precisely what defendant used his SAT-HU Sureshot to do. (PPFOF ¶¶ 20-21.)

18 U.S.C. § 2511(1)(a) forbids defendant to "intentionally intercept[] . . . any . . . electronic communication." 18 U.S.C. § 2520 provides that if he does so, plaintiff may sue him for injunctive relief and may recover as well damages, attorney's fees, and costs. The damages for interception of an encrypted broadcast are

> the greater of–
>
> (A) the sum of the actual damages suffered by the plaintiff and any profits made by the violator as a result of the violation; or
>
> (B) statutory damages of whichever is the greater of $100 a day for each day of violation or $10,000.

18 U.S.C. § 2520(c)(2). Here, plaintiff asks for a permanent injunction, $10,000 in statutory damages, attorney's fees, and costs.

Defendant belatedly denies that he used his SAT-HU Sureshot to intercept plaintiff's broadcasts. Defendant's denial clashes with the facts established by plaintiff's requests for admission (to which defendant never responded) and plaintiff's proposed findings of fact (which defendant did not oppose). Defendant claims he never received the requests for admission, and he now denies several of them. Plaintiff served its requests for admission on defendant by mail, as it

2

was entitled to do.[1] Fed. R. Civ. P. 5(b)(2)(B); *Kiki Undies Corp. v. Promenade Hosiery Mills, Inc.*, 308 F. Supp. 489, 495 (S.D.N.Y. 1969) ("All papers . . . that must be served upon a party . . . may be [served] by mail. Service is complete upon mailing."). "Where a letter is properly addressed and mailed, there is 'a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.'" *Boomer v. AT & T Corp.*, 309 F.3d 404, 415 n. 5 (quoting *Hagner v. United States*, 285 U.S. 427, 430 (1932)). Mere denial of receipt is insufficient to rebut the presumption; clear and convincing evidence is required. *In re Bucknum*, 951 F.2d 204, 206-7 (9th Cir. 1991). Plaintiff has offered no evidence, other than his own unsworn denial, to rebut the presumption of receipt. Accordingly, he has admitted the truth of plaintiff's requests by default.

Even if defendant had not admitted the matters contained in defendant's requests for admission by default, he has conceded the truth of plaintiff's proposed findings of fact by failing to respond to those facts as required by the Local Rules of this district. Civil L.R. 56.2(b)(1) requires defendant to file

> [a] specific response to [plaintiff's] proposed findings of fact, clearly delineating only those findings to which it is asserted that a genuine issue of material fact exists. The response must refer to the contested finding by paragraph number and must include specific citations to evidentiary materials in the record which support the claim that a dispute exists.

Despite being warned in plaintiff's motion papers that he needed to file such a response, (Pl.'s Mot. at 3); *see also* Civil L.R. 56.1(a), defendant failed to do so. As a result, this court "must conclude

---

[1] In fact, plaintiff not only mailed its requests for admission to defendant on May 4, 2005 (Cotner Aff., ¶¶ 2-3, Ex. A; Friedman Aff., ¶¶ 2-3), it also delivered them to him personally at his deposition on June 29, 2005. (*Id.* ¶ 4.) Defendant's claim that he did not receive the requests until July 28, 2005, when they were filed in support of plaintiff's motion for summary judgment is reflected by the transcript of his deposition.

3

that there is no genuine material issue as to [plaintiff's] proposed finding[s] of fact to which no response is set out." Civil L.R. 56.2(e).

**IT IS THEREFORE ORDERED** that plaintiff's motion for summary judgment is hereby **GRANTED.**

Plaintiff is directed to submit a proposed judgment consistent with the terms of this Decision and Order.

Dated this   17th   day of November, 2005.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge